| iPLOTKIN, Judge,
concurring.
I concur in the resolution of this matter, but I write separately because I do not agree with the dicta in the opinion.
The defendant does not allege any specific and particularized need to meet with the confidential informant before trial; it can be assumed the only purpose would be identification. Moreover, the State has agreed to furnish the defendant with the confidential informant’s criminal history -and a record of any compensation, tangible or intangible, awarded to the confidential informant for his/her participation in this crime and prosecution. This will provide the defendant with a means of impeaching the credibility of the confidential informant. To require the State to physically present the confidential informant to the defendant pre-trial is unprecedented and without legal authority. The defendant is not entitled to the testimony of the confidential informant before trial which is essentially what would be discovered if he/ she were brought to court pre-trial.
If the purpose of the court’s order is to punish the State for not being forthcoming with properly discoverable information regarding the confidential informant, the court can alter its order and provide appropriate sanctions in compliance with La.C.Cr.P. art. 729.5.